# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF WISCONSIN

DEWAYNE D. KNIGHT,
(INDIVIDUALLY AND REPRESENTATIVE)
OF ALL THOSE SIMILARLY SITUATED,
PLAINTIFFS.

CASE NO.
VERIFIED COMPLAINT
JURY TRIAL DEMAND.

V.

UNITED STATES ATTORNEY GENERAL
TODD BLANCHE, WISCONSIN GOV.
TONY EVERS, WISCONSIN ATTORNEY
GENERAL JOSHUA KAUL, WISCONSIN
SECRETARY OF DEPARTMENT OF CORRECTIONS
JARED HOY, WARDEN PAULA D. STOUDT, AND
EACH WARDEN/SUPERINTENDENT AT BLACK
RIVER CORR. CENTER, CHIPPEWA VALLEY
CORR. TREATMENT FACILITY, FLAMBEAU,
GORDON, KENOSHA, MILWAUKEE WOMEN'S,
JOHN C. BURKE, MARSHALL E. SHERRER,
OREGON, ROBERT E. ELLSWORTH, SANGER B.
POWERS AND ST. CROIX CORRECTIONAL CENTERS,
COLUMBIA, GREENBAY, DODGE, WAUPUN, OSHKOSH,
STANLEY, REDGRANITE, NEW LISBON, PRAIRIE
DU CHEIN, KETTLE MORAINE, RACINE, OAKHILL,
CORRECTIONAL INSTITUTIONS, THOMPSON, MC-
NAUGHTON, STURTEVANT TRANSITIONAL CORRECTIONAL
CENTERS, RACINE YOUTHFUL OFFENDER FACILITY,
TAYCHEEDAH CORR. INSTITUTION, MILWAUKEE SECURE
DETENTION CENTER AND WISCONSIN RESOURCE
CENTER,
DEFENDANTS

COMPLAINT CHALLENGING THE CONSTITUTIONALITY
OF FEDERAL AND STATE LAWS, UNDER FED. R.
CIV. PRO 5.1, AND REQUESTING DECLARATORY
RELIEF UNDER 28 U.S.C.A. §§ 2201

COMES NOW, DEWAYNE D. KNIGHT, PRO SE, INDIVIDUALLY AND REPRESENTATIVE OF ALL THOSE SIMILARLY SITUATED, WHO PRESENTS THE FOLLOWING COMPLAINT AND CLAIMS DECLARATORY JUDGMENT PURSUANT 28 U.S.C.A. § 2201 AND FED. R. CIV. PRO. 57, AND FED. R. CIV. PRO. 5.1 (a)-(d).

INTRODUCTION

1. THIS ACTION PLACES BEFORE THE COURT A LAWSUIT INVOLVING THE ADMINISTRATION OF WISCONSIN LEGISLATIVE ACT, "2011 WI ACT 109", SPECIFICALLY WIS. STATS. 973.01 AND SECTIONS 20102-20108 OF PUBLIC LAW 103-322 "VIOLENT CRIME CONTROL AND LAW ENFORCEMENT ACT OF 1994" (1994 CRIME BILL") HEREINAFTER, SPECIFICALLY THOSE PROVISIONS UNDER THE FEDERAL TRUTH IN SENTENCING INCENTIVE GRANT PROGRAM ("TIS PROGRAM") HEREINAFTER. WITH FEDERAL QUESTIONS CHALLENGING THE CONSTITUTIONALITY OF THE TIS PROGRAM, SPECIFICALLY, THAT U.S. CONGRESS EXCEEDED ITS POWERS UNDER THE COMMERCE CLAUSE AND 10TH AMENDMENT OF THE U.S. CONSTITUTION. FURTHER CHALLENGED IS THE CONSTITUTIONALITY OF WIS. STATS. 973.01, SPECIFICALLY THAT STATE OF WISCONSIN VIOLATED THE 10TH AMENDMENT OF THE U.S. CONSTITUTION BY ALLOWING CONGRESS TO CREATE LEGISLATION CONCERNING STATE SENTENCING LAWS, WHICH IS TRADITIONALLY A STATE FUNCTION AND OUTSIDE OF CONGRESSIONAL REACH UNDER THE COMMERCE CLAUSE OF U.S. CONST. AND PROHIBITED UNDER THE 10TH AMENDMENT OF THE U.S. CONST.

2. THIS ACTION SPECIFICALLY ALLEGES THAT CONGRESS EXCEEDED THE POWERS GIVEN TO IT AND ENUMERATED IN THE COMMERCE CLAUSE GIVING CONGRESS THE POWER TO REGULATE AND CREATE LEGISLATION CONCERNING INTERSTATE COMMERCE BETWEEN THE STATES. PLAINTIFFS FURTHER ALLEGE THAT CONGRESS HAD NO POWER TO CREATE LEGISLATION, TIS PROGRAM, WHICH UNEQUIVOCALLY CONCERNS STATE SENTENCING LAWS AND ATTACH AS A CONDITION TO RECEIVING FEDERAL FUNDS TO COMBAT VIOLENT CRIME STATES, IN THIS CASE WISCONSIN

WERE REQUIRED TO ENACT SENTENCING LAWS WHICH MUST MEET SENTENCING CRITERIA CREATED AND DESIGNED BY CONGRESS, TIS PROGRAM AND VIOLENT OFFENDER PROGRAM (VOP) HEREINAFTER.

3. PLAINTIFF ALLEGES THAT WISCONSIN VIOLATED THE 10TH AMENDMENT OF U.S. CONST. BY ENFORCING FEDERAL LEGISLATION, TIS & VOP PROGRAMS, TO REGULATE HOW WISCONSIN SENTENCES IT'S PRISONERS CONVICTED OF VIOLENT CRIMES, A FUNCTION THAT CAN ONLY BE REGULATED BY THE STATES WISCONSIN, AND WISCONSIN HAS NO CONSTITUTIONAL POWER TO DELEGATE TO CONGRESS THE REGULATING OF STATE/WISCONSIN'S SENTENCING LAWS, A POWER ALSO NOT ENUMERATED TO CONGRESS UNDER THE U.S. CONSTITUTION.

4. PLAINTIFFS, UNEQUIVOCALLY AND UNAMBIGUOUSLY ASSERT THAT THIS ACTION DOES NOT SEEK REVIEW OR REDRESS OF ANY OF THE FACTS CONCERNING ANY OF THE CLASS MEMBERS CONVICTIONS, PLAINTIFFS' SOLE PURPOSE IS TO ASK THIS COURT TO DECLARE WHETHER THE CHALLENGED FEDERAL AND STATE LAWS VIOLATE THE U.S. CONSTITUTION. UPON SUCH A DECLARATION IN FAVOR OF PLAINTIFFS, SECONDARY ACTIONS WILL BE TAKEN TO SECURE THEIR FREEDOM.

PARTIES

PLAINTIFFS:

5. DEWAYNE D. KNIGHT AND ALL THOSE SIMILARLY SITUATED, HAVE AT ALL TIMES RELEVANT TO THIS ACTION, BEEN SERVING CRIMINAL SENTENCES IMPOSED UNDER FEDERAL TIS/VOP PROGRAMS AND 2001 WI ACT 109, STATUTES 973.01, IN THE CUSTODY OF WISCONSIN DEPT. OF CORRECTIONS. PLAINTIFF KNIGHT IS CONFINED AT WISCONSIN SECURE PROGRAM FACILITY, 1101 MORRISON DR, BOSCOBEL, WI 53805.

6. CLASS MEMBERS ARE CONFINED AT THE FOLLOWING STATE PRISONS.

BLACK RIVER, COLUMBIA, DODGE, WAUPUN, GREENBAY, NEW LISBON, REDGRANITE, KETTLE MORAINE, OSHKOSH, PRAIRIE DU CHEIN, RACINE, STANLEY, FOX LAKE, JACKSON, AND OAKHILL CORRECTIONAL INSTITUTIONS; KENOSHA, OREGON, THOMPSON, GORDON, MCNAUGTON, MILWAUKEE WOMAN'S, ST. CROIX, SANGER B. POWERS, JOHN C. BURKE, ROBERT E. ELLSWORTH AND FLAMBEAU CORRECTIONAL CENTERS; TAYCHEEDAH CORR. INST., RACINE YOUTHFUL OFFENDER FACILITY, WISCONSIN SECURE PROGRAM FACILITY, STURTEVANT TRANSITIONAL FACILITY, MILWAUKEE SECURE DETENTION FACILITY AND WISCONSIN RESOURCE CENTER.

7. DEFENDANTS:

8. DEFENDANT TODD BLANCHE, IS THE UNITED STATES ATTORNEY GENERAL, AND RESPONSIBLE FOR DEFENDING THE INTEREST OF THE UNITED STATES. WHEN A CONGRESSIONAL LAW IS CHALLENGED ON CONSTITUTIONAL GROUNDS, U.S. ATTORNEY GENERAL IS THE PROPER PARTY.

9. DEFENDANT TONY EVERS, IS THE GOVERNOR OF THE STATE OF WISCONSIN, AND IS RESPONSIBLE FOR EXECUTING AND ENFORCING THE LAWS OF WISCONSIN. WHEN A STATE LAW IS CHALLENGED ON CONSTITUTIONAL GROUNDS, STATE GOVERNOR IS A PROPER PARTY.

10. DEFENDANT JOSHUA KAUL IS THE ATTORNEY GENERAL FOR THE STATE OF WISCONSIN, AND RESPONSIBLE FOR DEFENDING THE INTEREST OF THE STATE OF WISCONSIN AND ENFORCING THE LAWS OF THE STATE. WHEN A STATE LAW IS CHALLENGED ON CONSTITUTIONAL GROUNDS, STATE ATTORNEY GENERAL IS A PROPER PARTY.

11. DEFENDANT JARED HOY IS THE SECRETARY OF WISCONSIN DEPT. OF CORRECTIONS AND GOVERNS THE STATE PRISONS. SECRETARY OF DEPT. OF CORRECTIONS IS A PROPER PARTY TO THIS ACTION.

12. DEFENDANT PAULA D. STWDT, IS THE WARDEN OF WISCONSIN SECURE PROGRAM FACILITY, AND RESPONSIBLE FOR KEEPING THOSE SENTENCED TO PRISON AT HER FACILITY UNDER HER CUSTODY. AS CUSTODIAN SHE IS THE PROPER PARTY.

13. DEFENDANTS OF THE FOLLOWING PRISONS ("COLLECTIVELY WARDEN DEFENDANTS") ARE CUSTODIANS OF CLASS MEMBERS AND ARE PROPER PARTIES TO THIS ACTION.
RACINE, BLACK RIVER, DODGE, COLUMBIA, GREENBAY, WAUPUN, KETTLE MORAINE, FOX LAKE, STANLEY, JACKSON, RED GRANITE, NEW LISBON, OSHKOSH, PRAIRIE DU CHEIN AND OAKHILL CORRECTIONAL INSTITUTIONS; KENOSHA, GORDON, THOMPSON, MCNAUGHTON, SANGER B. POWERS, ST. CROIX, ROBERT E. ELLSWORTH, JOHN C. BURKE, OREGON, MILWAUKEE WOMEN'S, MARSHALL E. SHERRER, WINNEBAGO AND FLAMBEAU CORRECTIONAL CENTERS; MILWAUKEE SECURE DETENTION FACILITY, RACINE YOUTHFUL OFFENDER FACILITY, TAYCHEEDAH CORR. INST., STURTEVANT TRANSITIONAL FACILITY, AND WISCONSIN RESOURCE CENTER.

DEFENDANTS ARE ALL PROPER PARTIES TO THIS ACTION, AND ALL BEING SUED IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES.

MATERIAL FACTS AND JURISDICTION AND VENUE

14. JURISDICTION IS ASSERTED PURSUANT TO THE UNITED STATES CONSTITUTION AND 28 U.S.C.A ss. 2201, TO REDRESS THE DEPRIVATIONS OF THOSE RIGHTS SECURED BY THE UNITED STATES CONSTITUTION, DEPRIVED BY PERSONS ACTING UNDER THE COLOR OF STATE AND FEDERAL LAW. THE COURT HAS JURISDICTION OVER THESE MATTERS PURSUANT TO 28 U.S.C.A. ss. 1331 AND 1343(a)(3), FURTHERMORE, THIS COMPLAINT HAS "CLASS ACTION ALLEGATIONS".

15. PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF IS AUTHO-

-RIZED PURSUANT TO 28 U.S.C.A. ss 2201.

16. UNITED STATES DISTRICT COURT FOR THE EASTERN DIST-RICT AS THESE CLAIMS AROSE IN ITS DISTRICT.

17. ON SEPT 13, 1994, U.S. CONGRESS ENACTED PUBLIC LAW 103-322 - VIOLENT CRIME CONTROL AND LAW ENFORCEMENT ACT OF 1994 ("1994 CRIME BILL") HEREINAFTER, WHICH INCORPORATED PROVISIONS UNDER SECTIONS 20102 - 20108 OF THE 1994 CRIME BILL, FORMERLY (42 U.S.C.A. ss. 13702 - 13708).

18. WITHIN THE PROVISIONS (SUPRA AT 17) CONGRESS OFFERED FUNDING TO THE STATES AS AN INCENTIVE TO GET THE STATES TO IMPLEMENT WITHIN ITS LAWS, SPECIFICALLY, SENTENCING LAWS, THAT "ALL VIOLENT OFFENDERS MUST SERVE NO LESS THAN 85% OF THE SENTENCE GIVEN.

19. UNDER THIS REQUIREMENT, WISCONSIN STARTED CREATING AND ENACTING LAWS THAT IMPLEMENTED THE FEDERAL TIS AND VOP PROGRAMS. 2001, WISCONSIN ENACTED ACT 119, MADE EFFECTIVE FOR 7-1-99 WHICH REPEALED WISCONSIN INDETERMINATE SENTENCING AND ENACTED WISCONSIN LAW 973.01 - WISC-ONSIN'S "TRUTH-IN-SENTENCING" LAW, WHICH STARTED DETER-MINATE/UNIFORMED SENTENCING, PAROLE WAS ABOLISHED AS WELL AS GOOD TIME CREDITS.

20. WIS. STATS. 973.01 ENFORCES TIS AND VOP PROGRAMS UNDER 1994 CRIME BILL. WISCONSIN'S LEGISLATURE WAS RE-QUIRED TO ENACT SENTENCING LAWS THAT FIT OR MET THE CRITERIA OF THE TIS AND VOP PROGRAM, IN ORDER TO GET FEDERAL FUNDS TO COMBAT VIOLENT CRIME. ONCE WIS-CONSIN ACCEPTED THE FEDERAL FUNDS THEY HAD NO CHOICE WHATSOEVER, BUT TO ESSENTIALLY ENACT FEDERAL LEGISL-ATION THROUGH STATE LAW.

21. UNDER THE U.S. CONST. COMMERCE CLAUSE, CONGRESS HAS

THE POWER TO REGULATE "INTERSTATE COMMERCE" BETWEEN THE STATES. UNDER THE 10TH AMENDMENT OF THE UNITED STATES CONSTITUTION," POWERS NOT DELEGATED TO THE UNITED STATES BY THE CONSTITUTION, NOR PROHIBITED BY IT TO THE STATES, ARE RESERVED TO THE STATES RESPECTIVELY, OR TO THE PEOPLE."

22. THE CONSTITUTION DOES NOT AUTHORIZE CONGRESS TO CREATE STATE LEGISLATION. NOR CAN CONGRESS CREATE LEGISLATION TO REG-ULATE STATE SENTENCING.

23. THE STATE OF WISCONSIN VIOLATED THE 10TH AMENDMENT OF THE U.S. CONSTITUTION BY ENFORCING FEDERAL LEGISLATION TO REGULATE THE WAY IT SENTENCES ITS PRISONERS, UNDER THE TIS AND VOP PROGRAMS IN THE 1994 CRIME BILL.

24. BECAUSE CONGRESS EXCEEDED ITS CONSTITUTIONAL POWERS WHEN IT CREATED THE TIS AND VOP PROGRAMS TO REGULATE STATE SENTENCES, BOTH THE TIS AND VOP PROGRAMS ARE FACI-ALLY UNCONSTITUTIONAL.

25. BECAUSE WISCONSIN'S 2001 ACT 109, STATS. 973.01 WAS CRE-ATED AND ENACTED FOR THE PURPOSE OF ENFORCING FEDERAL LEGISLATION UNDER THE TIS AND VOP PROGRAMS, WISCONSIN EXCEEDED ITS CONSTITUTIONAL POWERS, AS THE U.S. CONST. DOES NOT GRAN THE STATE OF WISCONSIN THE POWER TO DELE-GATE THE MAKING OF STATE LEGISLATION TO CONGRESS, NOR DOES IT GRANT THE STATE OF WISCONSIN THE POWER TO DELE-GATE TO CONGRESS THE POWER REGULATE STATE SENTENCING, FOR STATE CRIMES.

26. BECAUSE WIS. STATS. 973.01, OF 2001 WI ACT 109, IS NOTHING MORE THAN THE TIS AND VOP PROGRAM PROVISIONS OF THE 1994 CRIME BILL, IN WHICH WISCONSIN CONSISTENTLY REFERS TO WIS. STATS. 973.01 AS ITS "TRUTH IN SENTENCING LAW" CREATED BY AN UNCONSTITUTIONAL CONGRESSIONAL

LEGISLATIVE PROVISION, IT VIOLATES THE 10TH AMENDMENT OF THE U.S. CONST. AND IS FACIALLY UNCONSTITUTIONAL.

RELIEF REQUESTED

1. INCORPORATING PARAGRAPHS 1-26, PLAINTIFFS ASK THAT THIS COURT DECLARE THAT THE TIS AND VOP PROGRAM PROVISIONS OF THE 1994 CRIME BILL VIOLATE THE U.S. CONST. COMMERCE CLAUSE AND THE 10TH AMENDMENT.

2. INCORPORATING PARAGRAPHS 1-26, PLAINTIFFS ASK THAT THIS COURT DECLARE THE TIS AND VOP PROGRAM PROVISIONS OF THE 1994 CRIME BILL AS FACIALLY UNCONSTITUTIONAL.

3. INCORPORATING PARAGRAPHS 1-26, PLAINTIFFS ASK THAT THIS COURT DECLARE THAT WIS. STATS. 973.01 UNCONSTITUTIONALLY ENFORCES THE UNCONSTITUTIONAL TIS AND VOP PROGRAMS PROVISIONS OF THE 1994 CRIME BILL, AND VIOLATES THE 10TH AMENDMENT OF U.S. CONST.

4. INCORPORATING PARAGRAPHS 1-26, PLAINTIFFS ASKS THAT THIS COURT DECLARE THAT WIS. STATS. 973.01 IS FACIALLY UNCONSTITUTIONAL AS IT VIOLATES THE 10TH AMENDMENT OF THE U.S. CONST.

5. PLAINTIFFS INCORPORATING PARAGRAPHS 1-26, ASKS THAT THIS COURT DECLARE THAT ALL PERSONS SENTENCED UNDER WIS. STATS. 973.01 SINCE FEB 3, 2003 HAVE BEEN SENTENCED UNCONSTITUTIONALLY.

6. PLAINTIFFS INCORPORATING PARAGRAPHS 1-26, ASKS THIS COURT TO DECLARE THAT THE UNCONSTITUTIONAL SENTENCES (SUPRA at 1-5) OF THIS SECTION VIOLATE THE PLAINTIFFS CONSTITUTIONAL RIGHTS UNDER THE 8TH AND 14TH AMENDMENTS OF THE U.S. CONST.

UPON INFORMATION AND BELIEF I DECLARE UNDER THE PENALTY OF PERJURY 28 U.S.C.A. ss. 1746, THAT THE ALLEGATIONS CONTAINED HEREIN IS TRUE AND CORRECT.

[signature] INDIVIDUALLY AND AS REPRESENTATIVE OF ALL THOSE SIMILARLY SITUATED.

DEWAYNE D. KNIGHT #476366
WISCONSIN SECURE PROGRAM FACILITY
1101 MORRISON DR.
BOSCOBEL, WI 53805

DATED SEPT 10, 2026