**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**DEWAYNE D. KNIGHT,**

**Petitioner,**

**v.** **Case No. 26-CV-1662**

**TODD BLANCHE, *et al.*,**

**Respondents.**

---

# ORDER

---

On September 11, 2026, DeWayne D. Knight, proceeding pro se, filed a civil action on behalf of himself and all those similarly situated, challenging the constitutionality of the state law under which he was sentenced after a criminal conviction. (ECF No. 1.) Knight also filed a motion to appoint counsel (ECF No. 3), a motion to certify the class (ECF No. 4), and a motion to proceed without prepayment of the filing fee (ECF No. 7).

On September 28, 2026, the court entered an order denying Knight's motion to proceed without prepayment of the filing fee and directed him to pay the $405 civil filing fee by October 16, 2026. (ECF No. 9.) On October 5, 2026, Knight filed a response challenging the court's order to pay the filing fee in full and arguing that his case was misclassified as a Section 1983 civil suit. (ECF No. 10.) Knight contends that his action

should not be construed as seeking relief under section 1983 or federal habeas corpus provisions. (ECF No. 10.) He claims that he is seeking only declaratory relief under 28 U.S.C. § 2201. (ECF Nos. 1, 10.) He requests that the court declare the state sentencing statute, Wis. Stat. 973.01, unconstitutional and find that all persons sentenced thereunder have been sentenced unconstitutionally. (ECF No. 1 at 8.)

The court must construe Knight's action for what it is: a federal habeas corpus action. *Crump v. Lane*, 807 F.2d 1394, 1401 (7th Cir. 1986) ("[W]here a prisoner's selection of an alternative remedy to habeas corpus undermines and effectively nullifies the habeas exhaustion requirement, the suit should be viewed as 'an impermissible attempt to circumvent that requirement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973)); *United States v. Antonelli*, 371 F.3d 360, 361 (7th Cir. 2004) ("When determining the character of a pro se filing … courts should look to the substance of the filing rather than its label."). Knight is effectively challenging the constitutionality of his confinement. "The sole avenue open to a prisoner challenging the fact or duration of his confinement, directly or indirectly, is habeas corpus." *Savory v. Lyons*, 469 F.3d 667, 671 (7th Cir. 2006) (quoting *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser*, 411 U.S. at 499).

Accordingly, the Clerk of Court shall re-classify this action as a habeas matter and impose the attendant $5 filing fee. If Knight wishes to proceed with the action, he shall pay the $5 filing fee no later than **November 4, 2026**.

If Knight does not wish to proceed with this action, he must notify the court by filing a letter with the Clerk of Court on or before November 4, 2026. If Knight writes such a letter, this case will be dismissed without prejudice.

Dated at Milwaukee, Wisconsin this 14th day of October, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge